**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

Eastern District of Kentucky
**F I L E D**

MAY 14 2018

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 17-CR-10-S-DLB**

**UNITED STATES OF AMERICA**        **PLAINTIFF**

**V.**        **PLEA AGREEMENT**

**DEMETRE MAURICE BROWN-LOVELACE,**        **DEFENDANT**
**aka MEECH**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Superseding Indictment, charging a violation of 18 U.S.C. § 846, conspiracy to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

2. The essential elements of Count 1 of the Superseding Indictment are:

    (a) That two or more persons conspired or agreed to distribute 40 gram or more of a mixture or substance containing a detectable amount of fentanyl; and

    (b) That at some time during the existence of the agreement, the Defendant knew the purpose of the agreement, and then deliberately joined the agreement.

3. As to Count 1 of the Superseding Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) In April 2017, Demetre Brown-Lovelace agreed with others to distribute fentanyl, in Boyd County, in the Eastern District of Kentucky, and elsewhere.

(b) On April 8, 2017, Demetre Brown-Lovelace provided money to Haley Young in Boyd County, in the Eastern District of Kentucky, so that she could purchase a bus ticket to Detroit, Michigan in order to meet with Leonard Wright, also known as "L".

(c) On April 9, 2017, Young traveled from Boyd County to Detroit, Michigan, and met with Wright. They stayed at a room in Wright's name at the DeLido Motel.

(d) On April 10, 2017, Wright gave Young a package containing heroin and fentanyl and instructed her to provide the drugs to Brown-Lovelace. Shortly after getting off the bus in Ashland, Kentucky, Young was stopped by law enforcement. Young was in possession of a large quantity of suspected heroin.

(e) Young contacted Brown-Lovelace by phone. During the phone conversation, Young spoke with Noelle Tufts, Brown-Lovelace's friend. Tuft and Brown-Lovelace agree to meet Young in Ashland to pick up the drugs.

(f) Brown-Lovelace and Tufts, arrived at the pre-arranged meeting spot to meet with Young. Law enforcement placed them in custody.

(g) Law enforcement conducted a forensic examination of the cellular phones belonging to Young, Brown-Lovelace, and Tufts. A review of the calls and texts, established a connection between Wright, Young, Brown-Lovelace, and Tufts and communications consistent with drug trafficking.

(h) The suspected heroin was submitted to the Kentucky State Police Forensic Laboratory for testing and the individual packages were found to contain heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance. The total weight of the controlled substances was 209.34 grams.

4. The enhanced statutory punishment for Count 1 of the Superseding Indictment is imprisonment for not less than 10 years and not more than life, a fine of not more than $8,000,000 and a term of supervised release of at least 8 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S.

District Court Clerk at the time of the entry of the plea. The Defendant has a prior final drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and therefore the Defendant is subject to the above enhanced statutory punishment.

5. The Defendant further acknowledges, agrees, and waives any further notice pursuant to 21 U.S.C. § 851, and stipulates that he has been previously convicted for Trafficking in a Controlled Substance First Degree, which was imposed by the Boyd Circuit Court, in case number 16-CR-00077, and entered in February 2017.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 and all provided discovery materials.

    (c) Pursuant to U.S.S.G. § 2D1.1(c)(7), the base offense level is 26 because the amount of fentanyl is at least 160 grams but less than 280 grams.

    (d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant=s timely notice of intent to plead guilty.

7. It is the position of the United States that pursuant to U.S.S.G § 3B1.1(c), the base offense level is increased by 2-levels because the Defendant was an organizer or

3

leader of criminal activity. The Defendant disagrees and reserves the right to argue that a leadership enhancement does not apply.

8. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

10. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in

connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.



5

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney=s Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant=s entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 5/14/18    By: [signature]
Cynthia T. Rieker
Assistant United States Attorney

Date: 5-14-18    [signature]
Demetre Maurice Brown-Lovelace
Defendant

Date: 5-14-18    [signature]
Michael Campbell
Attorney for Defendant

6